### Hood v. State.

(Division B.   June 11, 1934.)

[155 So. 679.   No. 31077.]

**Frank F. Mize**, of Forest, and **Webb M. Mize**, of Gulfport, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **F. F. Mize,** for appellant, and by **W. D. Conn, Jr.,** for the state.

**Griffith, J.,** delivered the opinion of the court.

There are three assignments of error: First, that the court erred in refusing to direct a verdict of acquittal. We have examined the evidence, and find it ample to avoid a peremptory charge. Second, that the court erred in granting the state's third instruction. Whatever inaccuracy or obscurity there may be in that instruction was well cured by the elaborate and clearly drawn instructions granted at the request of the defendant. Third, that the court erred in refusing the following instruction requested by the defendant: "The court instructs the jury for the defendant that the reputation for peace and violence of the deceased, Henry Eagan, in the community in which he lived is competent to be shown because the

law presumes that a person who by nature is violent, vehement and oppressive, is more dangerous in an altercation than a quiet and peaceable man, and this may always be established by evidence of the reputation of the deceased, and if it be shown to your satisfaction in this case that the deceased, Henry Eagan, had a bad reputation for peace and violence, and that said reputation was known to the defendant, Jerry Hood, then the defendant had a right to act more quickly than he would have had if his brother's adversary had been a quiet and peaceable man.''

It is said that the instruction announces a correct principle of law, and cases such as Garner v. State, 28 Fla. 113, 9 So. 835, 29 Am. St. Rep. 332, and Pritchett v. State, 22 Ala. 39, 58 Am. Dec. 250, are cited in support thereof. That it states a correct principle of adjudication is true, but the language is inaccurate in its import that there is a legal presumption in respect to the facts mentioned. The presumption is one of fact, is a permissible inference, not a fixed legal presumption; and while the court may charge upon fixed presumptions of law, it is not allowable that a special charge upon inferences or the weight to be attached thereto, contrary to the rule hereinafter to be stated, may be given; that is to say, upon presumptions of fact, and this prohibition is not to be avoided by a recital that the law presumes, as is observed in the quoted instruction. Where a presumption or inference is one of fact merely, the court is not warranted in declaring it to the jury as a presumption authoritatively raised by law. 64 C. J. 526, 527, sec. 479; 64 C. J. 577.

The rule is general that a party has the right to have the jury instructed as to any definitely applicable principle of the substantive law; but this rule is subject to the limitation that no instruction shall be given in such manner as that it shall be a charge upon the weight of the evidence, save as those classes of instructions hereafter to be mentioned. It is an established rule in this jurisdiction that although an instruction is correct as a

legal proposition, it shall not single out for prominent presentation to the jury certain portions of the testimony, and, by thus drawing the special attention of the jury thereto, give an undue emphasis to the portions so specifically mentioned, unless the portions so singled out are so completely sufficient within themselves that the ultimate issue may be determined solely upon them, if found to be true. Potera v. Brookhaven, 95 Miss. 774, 784, 49 So. 617; 65 C. J. 682; 11 Ency. Pl. & Pr. 185; and see the recent case, Gurley v. Tucker (Miss.), 155 So. 189.

Leaving out of view (1) those instructions which, although apparently having to do with the weight of the evidence, yet are allowed because of the nature of judicial proceedings and the technical proprieties or requirements thereof, and omitting also (2) that class of instructions which may be grouped under the general characterization of legal presumptions, we will find (3) only one other class of instructions, which charge or apparently charge upon the weight of certain portions of the evidence, those which are included in the broad designation of cautionary instructions. 11 Ency. Pl. & Pr. 311-371. But these have obtained their place in the law out of generations of judicial experience, running far back of the life of any juror and beyond those things which are within the comprehensive observation of a jury panel. But the range of observation of the present day juror is wider than ever before, and hence the rules as to cautionary instructions and others of the classes above mentioned will not be enlarged beyond those now established, except in obedience to express statutes.

Here we have an instruction which comes within none of the above classes. It deals with the fact, and the inferences and conclusions to be drawn accordingly, as considered in relation to the other facts in the case, that a man of a dangerous character is more likely to make a deadly assault than a man of peaceable disposition, and that the opposite party may therefore justly resort, under proper circumstances in that respect, to more prompt

measures of self-preservation against a person of such dangerous character. But this is a matter which, both in its import and as to its relative weight, is within the range of the actual observation and ordinary understanding of the average man, and as to which the average juror knows as much as can legitimately be told him by instructions of the court. It is of that character of inquiry about which the law desires to secure the untrammeled judgment of the twelve jurors as they see it according to common sense and the practical observations of life. It is not a matter upon which precepts are necessary to be drawn out of the experiences of past ages and from other generations; and to charge specially upon it, as was sought to be done here, would have been a charge upon the weight of the evidence, and the court properly refused to allow it. The province of the issue suggested by the instruction was that of evidence and argument, not of special or separate treatment by the court.

Affirmed.