WHITE, et al. *v.* MISSISSIPPI POWER COMPANY

No. 43263        January 25, 1965        171 So. 2d 312

*Dunn & Singley,* Meridian, for appellants.

*Wilbourn, Lord & Williams,* Meridian, for appellee.

ETHRIDGE, J.

Mississippi Power Company, appellee, instituted this eminent domain proceeding in the County Court of Lauderdale County, against Mrs. Corine Wilson White and Mrs. Etta Harrington Wilson, appellants, seeking to condemn an easement over certain lands owned by appellants for the purposes of constructing, maintaining and operating high voltage power lines. After trial before a jury, the county court awarded damages to appellants of $2,500, and that judgment was affirmed by the circuit court.

Appellants own two quarter-quarter sections of land in Lauderdale County. The two tracts (called forty acres, although they have slight variations in acreage) abut one another in an east-west direction. The power company sought to condemn a perpetual easement of one hundred feet in width. Most of the power line right-of-way traverses the east forty, and cuts across only the southeast corner of the west forty. Exclusive of highway, the easement covers four and three-hundredths acres. The land is about one-fourth of a mile north of the city limits of Meridian. There were preexisting easements across this land, in Plantation Pipeline Company, Colonial Pipeline Company, and Southern Natural Gas Company, with underground pipelines, and also a road over the east part of the east forty, owned and maintained by Lauderdale County. The maximum distance

of the Plantation right-of-way to the center line of the power line is fifty-two feet. The proposed right-of-way is for public necessity and use. We do not consider the assignment of error as to inadequacy of damages, since the case must be reversed and remanded because of eight erroneous instructions granted the power company.

Petitioner's instruction number 2 advised the jury that all property belonging to it, including the easement being taken, is assessed to petitioner by the state and county, at the same rate other property is assessed to other taxpayers, and that, after the easement has been taken, "it will be the right of the defendants . . . to apply to the tax assessor . . . for an appropriate reduction in the assessment of their lands." Assuming the easement taken would be assessed to the company, this instruction was misleading. Damages are measured by the before and after value of the land. It is pure speculation to assume that defendants could apply to the tax assessors and obtain a reduction in the assessment of their remaining land.

The company's instruction 3 stated that there were two pipeline easements across the land owned by Plantation, and others by Southern Natural Gas, Colonial Pipeline, and Lauderdale County, and in determining the fair market value of defendant's land before the taking, "you must take into account" the pipeline easements and "the increase or decrease in the value of defendant's land before the taking which results from" such easements, and the jury may not award to defendants any amount for damages resulting to their land from the presence of the preexisting easements. The issue in this case was quite simple: The amount of damages suffered by defendants because of the taking. The method of measuring them can be simply stated. Subjects which are relevant as testimony are not thereby appropriate for instructions. Every factor affecting

market value may be put in evidence, and the ultimate issue is the extent of their effect upon such total evaluation. Instruction 3, however, singles out the several easements for special comment. It points up the several items of damages, which should be left to the testimony and argument. State Highway Comm. v. Stout, 242 Miss. 208, 222, 134 So. 2d 467, 472 (1961); Wheeler v. State Highway Comm., 212 Miss. 606, 55 So. 2d 225 (1951). It violates Mississippi Code Annotated section 1530 (1956), which prohibits comments on the testimony, and is misleading and argumentative.

■■ ■■ Instruction 4 was also error: It stated that company could not prevent defendants "from having full and free access to and across the right-of-way," although manifestly this access was limited by the dominant easement, as against the subservient estate of appellants. Instructions 5 and 6 stated that, if petitioner failed to exercise its easement rights in a reasonable manner, defendants would have a legal right to require them to exercise such rights in a reasonable manner; and if petitioner did not, defendants would have the right to enjoin petitioner. Neither should have been given, because they are speculative, misleading, and wholly inapposite to the issue in this case. The same observations apply to instruction 9, which advised the jury that petitioner's rights would be defined in the final judgment, and the rights taken by petitioner "will not create a cloud upon the title of the defendants' remaining land."

■■ ■■ Instruction 13 should not have been given: It referred to the rights described in the petition, and contained superfluous references to sympathy and prejudice. ■■ ■■ Instruction 10 was error, since it singled out for particular comment observations made by the jury when it viewed the land.

■■ ■■ These instructions dealt with everything except the precise issue in the case, the amount of damages suffered by appellants as the result of the taking.

Instructions should be related to the issues, not single out or comment on specific evidence, and should have some basis in the testimony, evidence, and issues. ■■■ Argumentative instructions are not only confusing to the jury, but put the trial court in the position of arguing the case for the respective litigants. See Alexander, *Mississippi Jury Instructions* §§ 51 *et seq.* (1953).

Reversed and remanded.

*Kyle, P. J., and Gillespie, Rodgers and Patterson, JJ.,* concur.