# IN THE COURT OF APPEALS 12/17/96

## OF THE

## STATE OF MISSISSIPPI

### NO. 95-KA-00703 COA


**TOMMY WHITE A/K/A LARRY BURNSIDE**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. JOHN LESLIE HATCHER

COURT FROM WHICH APPEALED: QUITMAN COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

CHARLES E. WEBSTER

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: BILLY L. GORE

NATURE OF THE CASE: CRIMINAL

TRIAL COURT DISPOSITION: COUNT 1 - CONSPIRING TO OPERATE A "CHOP SHOP" AND COUNTS 2 AND 3 - OPERATING A "CHOP SHOP". SENTENCED TO SERVE 4 YEARS WITH 2 SUSPENDED AS TO COUNT 1, 12 YEARS WITH 6 SUSPENDED AS TO COUNT 2, AND 12 YEARS WITH 6 SUSPENDED FOR COUNT 3, ALL TO BE SERVED CONSECUTIVELY

BEFORE THOMAS, P.J., BARBER, McMILLIN, AND SOUTHWICK, JJ.

SOUTHWICK, J., FOR THE COURT:

Tommy White was found guilty of one count of conspiring to operate or conduct a chop-shop in violation of Section 63-25-3, one count of joint operation of a chop shop, and one count of individually operating a chop shop. For Count I, White was sentenced to serve four years in the Mississippi Department of Corrections with two years suspended and ordered to pay a $5,000 fine. On Count II, White was sentenced to serve twelve years in the MDOC with six years suspended and ordered to pay a $10,000 fine. On Count III, White was sentenced to serve twelve years with six years suspended and ordered to pay a $10,000 fine. White appeals the conviction arguing that the verdict was against the overwhelming weight of the evidence. We disagree, and affirm.

## FACTS

White operated a salvage yard at his mother's house for seven or eight years. In March of 1993, law enforcement officials received information that White might be involved in running a chop-shop in violation of Section 63-25-3. Law enforcement officials investigated these allegations and the investigation led them to White's accomplice, Darren Hill. It was discovered that White had been engaged in buying stolen vehicles from Hill and selling the parts. Hill testified that White would pay him $200-300 for each stolen vehicle and an extra $50 for helping disassemble the vehicles. The state presented fourteen witnesses who either had done business with White at some point, or had owned a vehicle that had previously been stolen and later located at White's salvage yard. Hill also testified that he was engaged in stealing vehicles and selling them to White.

## DISCUSSION

Hill argues that the verdict was against the overwhelming weight of the evidence. The applicable standard of review is:

> [O]nce the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty.

*Sanders v. State*, 586 So. 2d 792, 796 (Miss. 1991) (quoting *Lee v. State*, 469 So. 2d 1225, 1230 (Miss.1985)).

Furthermore, in *Thornhill v. State*, the supreme court has stated:

> In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing

to grant a new trial.

*Thornhill v. State*, 561 So. 2d 1025, 1030 (Miss. 1989); *see Isaac v. State*, 435 So. 2d 903, 907 (Miss. 1994).

The evidence in this case supports the verdict of the jury. The state presented fourteen witnesses. Six of those witnesses testified that their vehicle had been stolen. Those vehicles or some of their parts were later traced to White's salvage yard. Three witnesses testified that they had bought vehicles or parts from White. These items were later identified as being stolen. Four of the witnesses for the state were law enforcement officials. They gave testimony about the results of their investigation which lead to the prosecution of White and Hill. This evidence supports the verdict of the jury.

White next argues that Count II and Count III of the indictment were basically charging him with the same offense twice, thereby violating the Double Jeopardy Clause of the Constitutions of Mississippi and the United States. Count II of the indictment charged White with owning and operating a chop shop jointly with Darren Hill on or about the 3rd day of March, 1993. Count III of the indictment charged White with individually owning and operating a chop-shop on or about the 18th day of March, 1993. White argues that the stolen items found at the salvage yard on the earlier date in March were the same items found on March 17 and that the only reason these items were still on the premises was because of an agreement between him and the investigator that nothing would be removed from the salvage yard. There was testimony by Lieutenant Bill Ellis that he visited the salvage yard on or about March 6, 1993 as a result of being informed that stolen vehicles were at that location. After verifying that the items had indeed been stolen, they were taken from the salvage yard for identification by the proper owners. Therefore, the items found on March 18th were not the same items found earlier. Thomas Zimmer of the National Insurance Crime Bureau testified that when he visited the salvage yard on March 18, there were several stolen items found. None of the vehicles or parts of vehicles found by Zimmer appears to match those found by Thomas. Count I charges White with conspiracy, and Count II charges him with the underlying crime of jointly owning and operating a chop-shop with Hill on a particular day, March 3. Count III charges him individually with operating the business on a later date, March 18. There is sufficient evidence that the items found at that time were different from the items found on March 3. Therefore, White's Double Jeopardy argument is without merit.

**THE JUDGMENT OF THE CIRCUIT COURT OF QUITMAN COUNTY OF CONVICTION OF COUNT I, CONSPIRING TO OPERATE A CHOP-SHOP, COUNT II, JOINT OPERATION OF A CHOP SHOP, AND COUNT III, INDIVIDUALLY OPERATING A CHOP SHOP AND SENTENCE FOR COUNT I OF FOUR YEARS WITH TWO YEARS SUSPENDED TO RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED AND $5,000 FINE, COUNT II OF TWELVE YEARS WITH SIX YEARS SUSPENDED TO RUN CONSECUTIVELY TO COUNT I AND $10,000 FINE, AND COUNT III OF TWELVE YEARS WITH SIX YEARS SUSPENDED TO RUN CONSECUTIVELY TO COUNT I AND II AND $10,000 FINE, ALL TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO MAKE RESTITUTION**

**IN THE TOTAL SUM OF $64,751.00 TO VICTIMS IS AFFIRMED. COSTS ASSESSED TO APPELLANT.**


**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, KING, McMILLIN, AND PAYNE, JJ., CONCUR.**