# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CT-01032-SCT

*KERMIT O'NEAL MICKELL*

*v.*

*STATE OF MISSISSIPPI*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 09/18/96 |
| TRIAL JUDGE: | HON. JOHN H. WHITFIELD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DONALD A. SMITH |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 3/25/1999 |
| MOTION FOR REHEARING FILED: | 4/8/99 |
| MANDATE ISSUED: | 5/20/99 |

**EN BANC.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

¶1. Kermit O'Neal Mickell was found guilty of armed robbery in the Circuit Court of Harrison County, Mississippi and sentenced to fifteen years in the custody of the Mississippi Department of Corrections. Finding error in Mickell's trial, we reverse and remand for a new trial.

### STATEMENT OF THE FACTS

¶2. Kermit Mickell was charged with committing an armed robbery of Bond's Food Store on the afternoon of March 10, 1995. The store clerk, Charlene Bradford, testified that Mickell came to the counter with a quart of beer, and in response to her request, produced his identification and then pulled a gun and demanded that Bradford open the cash drawer. Bradford testified that she placed the money on the counter and then complied with Mickell's instructions to kneel down on the floor. She then testified that Mickell grabbed the cash and walked out the door.

¶3. A Harrison County Deputy Sheriff responded to the call regarding the robbery and was told by Bradford that the person who robbed her drove from the store in a green Cadillac. The deputy located the car within 10-15 minutes of the robbery, and a high speed chase resulted. Mickell was apprehended after

the deputy shot the tire of the vehicle. No gun was ever recovered.

¶4. At trial, Mickell took the stand in his own defense and testified that he did go into the store to purchase beer, but left without paying for the beer after he and the clerk argued about his identification. While conducting cross-examination of Mickell, the prosecutor, without objection, asked Mickell whether he had attempted to sell a pistol to one of his co-workers the same day the incident took place. After the State presented its rebuttal case, Mickell's attorney moved for a mistrial based on the fact that the State produced no witnesses to the effect that Mickell had indeed attempted to sell a gun to one of his co-employees on the day in question. The trial court denied the motion and allowed the case to go to the jury.

¶5. During the course of its deliberations, the jury sent a note to the judge which stated, "[c]an we convict a person of armed robbery without the policeman finding the gun or a gun?" Over Mickell's objection, the trial court wrote "yes" on the note and returned it to the jury. The jury subsequently found Mickell guilty of armed robbery, and the trial court sentenced him to fifteen years in the custody of the Mississippi Department of Corrections. **ANALYSIS**

**1. Whether The Trial Court Abused Its Discretion When Answering The Question Raised by the Jury With a Simple "Yes" When This Answer Could Do Nothing But Prejudice The Jury in Favor of The State.**

¶6. Mickell argues that by answering the jury's inquiry with a simple "yes", the trial court commented on the testimony and weight of the evidence which is prohibited by Miss. Code Ann. § 99-17-35 (1994) and provides in relevant part that, "[t]he judge in any criminal cause, shall not sum up or comment on the testimony, or charge the jury as to the weight of evidence. . . ."

¶7. The appropriate standard of review regarding supplemental jury instructions was discussed in *Hooten v. State*, 492 So. 2d 948 (Miss. 1986), and restated in *Westbrook v. State*, 658 So. 2d 847(Miss. 1995)
.

> Our inquiry, then is not whether the circuit judge ruled contrary to what one of us might have ruled, not whether he was "right" or "wrong" in our view, but whether he abused his discretion. And, unless the trial court based his decision on an erroneous view of the law, [citation omitted], we are not authorized to reverse for an abuse of discretion unless we find it was "arbitrary and clearly erroneous." [citation omitted].

*Westbrook* 658 So. 2d at 851 (quoting *Hooten v. State*, 492 So. 2d 948, 950 (Miss. 1986) (Hawkins, P.J., dissenting)).

¶8. There is no doubt that the trial court had the authority to give supplemental instructions to the jury pursuant to Rule 3.10 of the Uniform Rules of Circuit and County Court Practice. The question then remains whether the instruction given by the trial court was proper.

¶9. In *Sanders v. State*, 586 So. 2d 792, 796 (Miss. 1991), this Court stated:

> As a general proposition, the trial judge should not give undue prominence to particular portions of the evidence in the instructions. Miss.Code Ann. § 99-17-35 (1972); *Ragan v. State*, 318 So.2d 879, 882 (Miss.1975). This prophylactic rule has the salutary purpose of protecting the jury from their natural inclination to put great weight in the judge's statements. To that end, this Court has held that

instructions which emphasize any particular part of the testimony in such a manner as to amount to a comment on the weight of that evidence are improper. *Duckworth v. State*, 477 So.2d 935, 938 (Miss.1985) ("It is also well established that instructions should not single out or contain comments on specific evidence").

¶10. In the present case, whether or not Mickell had a gun was a central issue to the case. Charlene Bradford, the store clerk, testified that Mickell had a gun. Mickell testified that he did not even own a gun. The jury was also instructed on the lesser-included offense of robbery.

¶11. In *Duckworth v. State*, 477 So. 2d 935, 936-938 (Miss. 1985), Duckworth was charged with armed robbery. A blank starter pistol was recovered near the area where Duckworth was apprehended. The trial court refused to give an instruction which read "[t]he Court instructs the Jury that it is a question of fact for you to determine whether the gun, which is a blank starter pistol, was a deadly weapon in the manner claimed to have been used in this case." *Duckworth* at 938. We held the refusal of the instruction was proper and in so doing stated:

> It is also well established that instructions to the jury should not single out or contain comments on specific evidence. *Voyles v. State*, 362 So.2d 1236 (Miss.1978); *Williams v. State*, 354 So.2d 266 (Miss.1978); *Scott County Co-op v. Brown*, 187 So.2d 321 (Miss.1966); *White v. Miss. Power Co.*, 252 Miss. 97, 171 So.2d 312 (1965). An examination of the entire record, including the instructions to the jury, indicates that the jury was properly instructed regarding its responsibility to determine whether the gun used by Duckworth was, in fact, a deadly weapon. The instructions given contained an accurate statement of law; the granting of the refused instruction D-4 would have been a comment by the court on the evidence. The refusal was not error.

477 So. 2d at 938

¶12. In *Bester v. State*, 212 Miss. 641, 55 So. 2d 379 (1951), this Court stated:

> An instruction which is on the weight of the evidence or which singles out and gives undue prominence to certain portions of the evidence is erroneous. *Potera v. City of Brookhaven*, 95 Miss. 774, 49 So. 617; *Hood v. State*, 170 Miss. 530, 155 So. 679. In the case of *Hood v. State*, *supra*, [170 Miss. 530, 155 So. 680] the Court said: 'It is an established rule in this jurisdiction that although an instruction is correct as a legal proposition, it shall not single out for prominent presentation to the jury certain portions of the testimony, and, by thus drawing the special attention of the jury thereto, given an undue emphasis to the portions so specifically mentioned, unless the portions so singled out are so completely sufficient within themselves that the ultimate issue may be determined solely upon them, if found to be true.'

> The said instruction was particularly prejudicial to the appellant in giving undue emphasis and prominence to the sheriff's testimony as to the conclusions to be drawn from the physical facts. The vital issue in the case was whether the deceased did or did not have the crowbar at the time of the fatal difficulty.

212 Miss. at 647, 55 So. 2d at 381.

¶13. The trial court's answer to the jury's question in the case *sub judice* impermissibly singled out the lack of specific evidence for particular attention by the jury and served to minimize the significance of the fact

that no gun had been found by the police-an issue which was central to the case. The fact that the jury asked the question at all indicates that there may well have been jurors who had concluded that the State's failure to recover a weapon was sufficient to raise a reasonable doubt that the crime of armed robbery had been committed. A pronouncement by the trial court that such evidence was not essential to a conviction for armed robbery could easily have undermined a legitimate analysis of the strength of the State's proof. It is for this specific reason that judges are constrained from discussing the significance of any particular portion of the evidence.

¶14. The fact that the trial court provided the jury with the evidence in a somewhat unusual manner does not serve to diminish the impropriety of the trial court's action. The comment was prejudicial to the Appellant. Therefore we reverse on this issue and remand for a new trial.

## 2. Whether the Circuit Court Committed Reversible Error When it Denied Mickell's Motion for a Mistrial.

¶15. During cross-examination, the State asked Mickell if he had attempted to sell a gun to someone at Sumrall Construction Company earlier that day. No objection to this question was made by defense counsel, and Mickell answered, "no." However, the State never offered evidence supplying a foundation for the question. At the close of the State's rebuttal case, Mickell made a motion for a mistrial which was denied by the trial court.

¶16. Mickell argues that the question did not become objectionable until the State failed to put on any evidence in rebuttal that Mickell had tried to sell a gun earlier that day. He argues that by asking such a question, the State made a "naked" accusation through the prosecutor, and when the State failed to put on any evidence in rebuttal to support such an allegation, it denied him his right to confront witnesses testifying against him.

¶17. This Court has held that unless a contemporaneous objection to error is made, it will not be considered on appeal. *Hill v. State*, 432 So. 2d 427, 439 (Miss. 1983). However in cases of prosecutorial misconduct we have held, "this Court has not been constrained from considering the merits of the alleged prejudice by the fact that objections were made and sustained, or that no objections were made. *Wood v. State*, 257 So. 2d 193, 200 (Miss.1972); *Howell v. State*, 411 So. 2d 772, 776 (Miss.1982); *Forrest v. State*, 335 So. 2d 900, 902 (Miss.1976)." *Smith v. State*, 457 So. 2d 327, 333-334 (Miss. 1984).

¶18. In *Smith*, the district attorney asked the appellant's witness on cross-examination whether she was selling her body in Jackson like she did on the coast. The witness responded with a general denial. 457 So.2d at 334. In addressing the issue, the Court stated:

> In *Stewart v. State*, 263 So. 2d 754 (Miss.1972), this Court, citing *Johns v. State*, held that the state's cross-examination of an important defense witness to the effect that every place he had worked seemed to have been burglarized was clearly erroneous where there was no record that he had even been accused of the burglaries to which insinuation was made. *Id*. at 758. This Court also relied on 98 C.J.S. Witnesses § 515, p. 423 (1957), which states:
>
> Cross-examination into the character of a witness may not be in the form of attempts to discredit him by means of sneers and innuendo. Hence it is improper, under the pretense of affecting the credibility

of a witness, to propound interrogatories without any attempt or pretense to establish the truthfulness of the matters suggested by such inquiry and thereby cast insinuations on the witness. . . .

*Id.* at 757-758.

The district attorney's remarks come squarely within the prohibition in *Stewart v. State* against insinuations of criminal conduct which are unsupported by any proof. . . .

*Smith* at 334.

¶19. Certainly the question had some relevance as to whether Mickell had a gun in his possession. In *Lewis v. State*, 580 So. 2d 1279 (Miss. 1991), the defendant was charged with aggravated assault. He denied having possessed a gun on the night in question. The State called the victim's aunt on rebuttal who testified that the defendant had been over at her house three days earlier with a gun. *Lewis* at 1287. The Court held:

Here the testimony was not introduced as a specific instance of conduct to impeach Lewis's credibility, and thus, Miss.R.Evid. 608(b) is not applicable. Nor was impeachment, in this instance, on a collateral issue. Who had a gun and who was the aggressor was central factual issue.

. . . . . . . . . . . . .

Lewis claimed that his attack came after Ms. Carter approached him with both a knife and a gun. No one but Lewis testified to seeing a knife, and Lewis claimed that he never had possession of a gun. He denied having a gun when he came looking for the victim three days later. Ms. White's testimony was offered to show that Lewis had a gun three days before. Based on the reasoning in *Pinkney*, Ms. White's testimony was not reputation or character evidence but a statement of fact relevant to the merits. Consequently, the testimony was admissible, and this assignment of error is without merit.

*Lewis* at 1287-1288.

¶20. However, unlike *Lewis*, the evidence was not brought out by the testimony of a rebuttal witness in response to Mickell's denial to having possessed a gun that day, but rather was in the form of an unproven allegation by the State. The State was under an obligation to support such an allegation with proper evidence, which was not done in this case. Furthermore, unlike *Smith, supra,* there was no admonition to the jury in the present case to disregard the prosecutor's remarks. Therefore we also reverse on this issue and remand for a new trial.

## CONCLUSION

¶21. The trial court has a duty not to comment on or sum up the evidence for the jury. In this case, the trial court's answer to the jury's inquiry constituted a comment on the evidence, and further was prejudicial to the Appellant. In addition the failure of the State to put on any evidence in support of its question propounded to Mickell regarding an attempt to sell a gun earlier on the day in question was error. Therefore we reverse and remand for a new trial consistent with this opinion.

¶22. **REVERSED AND REMANDED**.

**PITTMAN, P.J., BANKS, McRAE, MILLS AND WALLER, JJ., CONCUR. SULLIVAN, P.J., AND SMITH, J., NOT PARTICIPATING.**