# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-01019-COA

KENNETH RAY AINSWORTH A/K/A                 APPELLANT
KENNETH AINSWORTH A/K/A KENNETH R.
AINSWORTH

v.

STATE OF MISSISSIPPI                                APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/04/2016 |
| TRIAL JUDGE: | HON. LISA P. DODSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA MCCLINTON |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE AND SENTENCED AS A HABITUAL OFFENDER, WITH AN ENHANCED PENALTY, TO TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE |
| DISPOSITION: | AFFIRMED - 07/25/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1. On May 26, 2015, a grand jury indicted Kenneth Ray Ainsworth for possession of a

controlled substance with intent to distribute in violation of Mississippi Code Annotated section 41-29-139(a)(1) (Rev. 2013). A jury convicted Ainsworth of the charge on May 4, 2016. Then, on May 11, 2016, the Harrison County Circuit Court, Second Judicial District, sentenced Ainsworth as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015), with an enhanced penalty under Mississippi Code Annotated section 41-29-147 (Rev. 2013). The trial court ordered Ainsworth to serve twenty years in the custody of the Mississippi Department of Corrections without the possibility of parole. On June 27, 2016, the trial court denied Ainsworth's motion for a new trial or an acquittal notwithstanding the verdict. Aggrieved by his conviction and sentence and the denial of his posttrial motion, Ainsworth timely appeals.

¶2. On appeal, Ainsworth raises the following issues: (1) whether the trial court erred in issuing a supplemental jury instruction; (2) whether the trial court erred in instructing the jury to continue deliberations in light of the jury's note indicating unanimous agreement as to a lesser-included charge; and (3) whether his attorney was ineffective for failing to object to the supplemental jury instruction.

¶3. Finding no error, we affirm Ainsworth's conviction and sentence.

## FACTS

¶4. Due to the nature of the claims Ainsworth raises, the underlying facts of his indictment for possession of a controlled substance with intent to distribute are not at issue in this appeal. Instead, the relevant facts of Ainsworth's appeal relate to a supplemental jury

instruction the trial court issued in response to a note from the jury during the jury's deliberations.

¶5.    Following closing arguments in Ainsworth's trial, the trial court excused the jury to begin deliberations.  Over two hours later, the trial court received a note from the jury that read as follows:

> Kenneth Ray Ainsworth
>
> Guilty of Possession of a Controlled Substance 2 [grams] - 10 [grams] Cocaine
> 12 [Jurors] For
>
> Guilty of Possession of a Controlled Substance with Intent to Distribute 2 [grams] - 10 [grams] of Cocaine
> 11 [Jurors] For[,] 1 Against
>
> There is no agreement on Not Guilty with Intent to Distribute.

¶6.    The trial court stated on the record that it was unsure how to handle the jury's note and that it had advised the attorneys for both parties of the note's contents.  The trial court summarized its perceived problem with the jury's note as follows:

> [T]he [jurors are] not unanimous with regard to the charge of possession with intent[,] but . . . they have gone on to deliberate as to the lesser[-]included charge.
>
> And it's my understanding that the jury instruction as drafted[,] and my understanding generally of the law[,] is that [the jurors] must consider the actual charge, being possession with intent, and . . . only if they find Mr. Ainsworth not guilty of that charge are they then to proceed to the lesser[-]included crime of possession.

Both parties' attorneys agreed with the court's summary.

3

¶7.     The trial court proposed to give a *Sharplin*[1] instruction but opined that the instruction might not sufficiently "address the issue that appears to be troubling the jury." The trial court acknowledged that the jury had not followed proper procedure in voting. After conferring with the parties' attorneys, who agreed to the court's proposed course of action and supplemental instruction, the trial court further instructed the jury as follows: "So[,] first of all, I'll remind you that all of your instructions are to be considered as a whole. I'm going to give you two additional instructions. So[,] if you will pay attention to these two [in addition] to the ones you already have." First, the trial court delivered the *Sharplin* instruction. Next, the trial court delivered the following supplemental instruction, which was an agreed-upon modified version of a previously delivered instruction:

> As instructed prior to beginning your deliberations, it is your duty to accept the law given to you by the [c]ourt, and if the facts and the law warrant a conviction of the crime of Possession of [a] Controlled Substance with Intent, then it is your duty to make such finding uninfluenced by your power to find a lesser offense. This provision is not designed to relieve you from the performance of an unpleasant duty. It is included to prevent a failure of justice if the evidence fails to prove the original charge but does justify a verdict for the lesser crime.
>
> Therefore, if you find the Defendant, Kenneth Ray Ainsworth, not guilty of Possession of [a] Controlled Substance with Intent, then you shall proceed with your deliberations to decide whether the State has proved beyond a reasonable doubt all of the elements of the lesser crime of Possession of [a] Controlled Substance.[2]

---

[1] *See Sharplin v. State*, 330 So. 2d 591, 596 (Miss. 1976).

[2] The previously delivered instruction omitted "as instructed prior to beginning your deliberations" and contained at the conclusion of the instruction the elements of the crime of possession of a controlled substance.

4

The trial court then excused the jury to continue its deliberations, and the jury returned over an hour later with a verdict that read: "We, the jury[,] find the Defendant, Kenneth Ray Ainsworth, guilty of Possession of [a] Controlled Substance with Intent [to Distribute]."

¶8. The trial court entered a final judgment and sentenced Ainsworth accordingly. Ainsworth then filed an unsuccessful motion for a new trial or an acquittal notwithstanding the verdict. Aggrieved by his conviction and sentence and the denial of his posttrial motion, Ainsworth appeals.

## STANDARD OF REVIEW

¶9. "A trial court has authority to give supplemental instructions to a jury[,] and the decision to do so is reviewed under an abuse-of-discretion standard." *Hughes v. State*, 983 So. 2d 270, 280 (¶41) (Miss. 2008) (citing *Mickell v. State*, 735 So. 2d 1031, 1033 (¶7) (Miss. 1999)). As the *Mickell* court stated:

> The appropriate standard of review regarding supplemental jury instructions . . . "is not whether the circuit judge ruled contrary to what one of us might have ruled, not whether he was 'right' or 'wrong' in our view, but whether he abused his discretion. And, unless the trial [judge] based his decision on an erroneous view of the law, we are not authorized to reverse for an abuse of discretion unless we find it was 'arbitrary and clearly erroneous.'"

*Mickell*, 735 So. 2d at 1033 (¶7) (quoting *Westbrook v. State*, 658 So. 2d 847, 851 (Miss. 1995)).

¶10. However, because Ainsworth failed to raise contemporaneous objections at trial to the supplemental jury instructions, he "must rely on plain error to raise the issue[s] on appeal, because otherwise [they are] procedurally barred." *Parker v. State*, 30 So. 3d 1222, 1227

5

(¶14) (Miss. 2010) (citing *Walker v. State*, 913 So. 2d 198, 216 (¶45) (Miss. 2005)). "Plain error exists where such error affects the defendant's substantive/fundamental rights, even though no objection was made at trial." *Id.* "Applying the plain-error rule, the [appellate court] must determine: (1) whether the trial court deviated from a legal rule; (2) whether the error is plain, clear, or obvious; and (3) whether the error prejudiced the outcome of the trial." *Willie v. State*, 204 So. 3d 1268, 1279 (¶29) (Miss. 2016) (citing *Foster v. State*, 148 So. 3d 1012, 1018 (¶20) (Miss. 2014)). "Only if the error 'resulted in a manifest miscarriage of justice' will reversal occur." *Id.* (quoting *Foster*, 148 So. 3d at 1018 (¶20)).

## DISCUSSION

I.      **Whether the trial court erred in issuing a supplemental jury instruction.**

II.     **Whether the trial court erred in instructing the jury to continue deliberations in light of the jury's note indicating unanimous agreement as to a lesser-included charge.**

¶11.    In Ainsworth's first two assignments of error, he asserts that the trial court erred in issuing a supplemental instruction and in issuing the *Sharplin* instruction.[3] However the record reflects that, during the jury's deliberations, the defense not only failed to raise a contemporaneous objection to the *Sharplin* charge issued by the trial court but also agreed to the supplemental instruction. The record further reflects that the trial court was within its discretion when it issued a *Sharplin* charge in accordance with Rule 3.10 of the Uniform

---

[3] *See Sharplin*, 330 So. 2d at 596; *see also Edlin v. State*, 523 So. 2d 42, 44 (Miss. 1988) (discussing the issuance of a *Sharplin* instruction).

6

Rules of Circuit and County Court Practice, and the supplemental instructions agreed upon by the defense were consistent with that charge.[4] Therefore, this issue is procedurally barred since the defense failed to preserve it through a contemporaneous objection and failed to raise the issue in posttrial motions. *See McCoy v. State*, 878 So. 2d 167, 174-75 (¶21) (Miss. Ct. App. 2004).

### III. Whether Ainsworth's attorney was ineffective for failing to object to the supplemental jury instruction.

¶12. In his third assignment of error, Ainsworth asserts that his attorney provided ineffective assistance by agreeing to and failing to object to the supplemental instruction. Decisions that fall within the scope of trial strategy fail to give rise to an ineffective-assistance-of-counsel claim. *Spicer v. State*, 973 So. 2d 184, 203 (¶69) (Miss. 2007).[5] Thus, Ainsworth has failed to show by a preponderance of the evidence that his attorney's performance at trial was defective or that it constituted ineffective assistance of counsel. We therefore find this assignment of error lacks merit.

¶13. Based upon the foregoing, we affirm the judgment of the trial court.

¶14. **AFFIRMED.**

---

[4] *See Thornton v. State*, 841 So. 2d 170, 176-78 (¶¶30-37) (Miss. Ct. App. 2003) (finding no abuse of discretion in the trial court's issuance of a supplemental instruction after the jury's deliberations had begun).

[5] *See also Strickland v. Washington*, 466 U.S. 668, 687 (1984) (providing that the following criteria must be met by a preponderance of the evidence to establish ineffective assistance of counsel: (1) counsel's performance was defective; and (2) the defect was so prejudicial that it prevented the defendant from receiving a fair trial).

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**