797 So.2d 381 (2001)
Bobby Todd STOKES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01376-COA.
Court of Appeals of Mississippi.
June 26, 2001.
*382 David Clay Vanderburg, Attorney for Appellant.
Office of the Attorney General by Billy L. Gore, Jackson, Attorney for Appellee.
Before KING, P.J., PAYNE, LEE, and CHANDLER, JJ.
PAYNE, J., for the Court:
The names of the victim and her relatives have been changed.

*383 PROCEDURAL HISTORY
¶ 1. Bobby Todd Stokes was indicted in Yalobusha County for one count of kidnaping and one count of statutory rape. He was tried by jury in Yalobusha County Circuit Court and found not guilty of the kidnaping, but guilty of rape. Stokes was sentenced to serve forty years in the custody of the Mississippi Department of Corrections. Stokes filed motions for a new trial and JNOV, which were denied. From this judgment and sentence, Stokes now appeals. Finding no merit to this appeal, the judgment and sentence are affirmed.

FACTS
¶ 2. On November 15, 1999, Stokes appeared at the home of Annie Doe, maternal grandmother to Jane Doe, age eleven, and told Jane that her paternal grandmother, Betty Jones, asked him to pick her up. Jane got in Stokes's truck, but rather than deliver her directly to Jones, Stokes continued on into the country. Jane testified that Stokes told her to not tell anyone what he was going to do to her. Stokes then pulled off his clothes and Jane's clothes and attempted to penetrate her. Jane testified that she started crying and Stokes took her to Jones's home. Upon arriving, Jane was still crying, and her grandmother asked what was wrong. Jane did not answer as Stokes had come into the apartment behind her and sat down with Jane's father and grandfather. Eventually Jane's father and grandfather left, and Stokes left approximately thirty minutes later. Jones asked Jane, "What you keep crying for?" Jones testified that Jane, still crying, said Stokes "took me out there and raped me."

ISSUES PRESENTED

STANDARD OF REVIEW
¶ 3. Stokes makes two assignments of error on this appeal, as follows:
I. THE TRIAL COURT ERRED IN DENYING STOKE'S MOTION TO SUPPRESS HIS STATEMENT TO LAW ENFORCEMENT OFFICERS.
II. THE COURT ERRED IN ALLOWING HEARSAY TESTIMONY DURING THE TRIAL OF THIS CASE.
We look to Duplantis v. State, 644 So.2d 1235 (Miss.1994), for our standard of review with regard to admissibility of a confession:
This Court will reverse a trial court's finding that a confession is admissible only when an incorrect legal standard was applied, manifest error was committed, or the decision is contrary to the overwhelming weight of the evidence.
Duplantis, 644 So.2d at 1243 (citing Willie v. State, 585 So.2d 660, 665 (Miss.1991)).

DISCUSSION

I. CONFESSION.
¶ 4. Stokes, after being advised of his rights, gave a signed statement to the Yalobusha County Sheriff, Lloyd Defer, in the presence of Lynn Allen Fly, a deputy sheriff. Stokes later denied the contents of the statement, claiming that he at first told Defer that he did not do it, "which was true, and they ragged me for half a day." He stated that he got tired of them "ragging" him and finally told them what they wanted to hear. Stokes filed a motion to suppress the statement. During a suppression hearing, Stokes testified that he was intoxicated at the time of his arrest, and that, although he completed high school, he had been in special education and could not read or write. Stokes contends that the burden lies with the State to prove beyond a reasonable doubt the voluntariness of the statement, relying on Agee v. State, 185 So.2d 671 (Miss.1966). *384 The court in Richardson v. State, 722 So.2d 481 (Miss.1998), held as follows:
The State shoulders the burden of proving beyond a reasonable doubt that the confession was voluntary. Morgan [v. State], 681 So.2d at 86 (citing Haymer v. State, 613 So.2d 837, 839 (Miss.1993)). The State's burden is met and a prima facie case made out by testimony of an officer, or other persons having knowledge of the facts, that the confession was voluntarily made without threats, coercion, or offer of reward.
Richardson, 722 So.2d at 487 (other citations omitted).
¶ 5. Stokes further maintains that the State must demonstrate beyond a reasonable doubt that the statement was voluntarily given at a time when the suspect was fully informed of his rights in that regard and, nevertheless, elected to waive that protection. Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Stokes contends that, due to his limited education, he should have had a court appointed attorney during the interrogation in which his statement was elicited, and that the "confession was illegal because it was taken by deception under alleged circumstances denying [his] right to counsel and due process of law."
¶ 6. At the suppression hearing, Sheriff Defer and Deputy Sheriff Fly testified that Stokes was advised of his rights, that he appeared to understand his rights, but did not request a lawyer. They also testified that Stokes both read, and had read to him, the typewritten statement that he freely and voluntarily signed. Defer testified that he read the statement completely, from top to bottom, to Stokes, then gave it to Stokes to read. Defer stated that Stokes began reading the statement out loud, then Defer said "All right, you can read. Take your time and read it. When you get through, sign your name to it." Stokes testified that the sheriff did not force him to sign the statement, nor did he make Stokes any promises. Stokes claims that Defer asked him to sign the statement, and he signed it not knowing that it was a confession.
¶ 7. The trial court stated in its ruling that, despite some degree of conflicting testimony and after observing Stokes and listening to his testimony, it appears that the State had proven the voluntariness of the statement from the totality of the circumstances and beyond a reasonable doubt. As pointed out by the State, the "totality of the circumstances" approach "should be used in determining the admissibility of confessions, whether they come from minors or adults." Woodham v. State, 779 So.2d 158, (¶ 13) (Miss. 2001). Additionally, "where there is conflicting evidence on a confession's admissibility, this Court will not disturb the court's findings `unless it appears clearly contrary to the overwhelming weight of the evidence.'" O'Halloran v. State, 731 So.2d 565 (¶ 18)(Miss.1999) (quoting Wiley v. State, 465 So.2d 318, 320 (Miss.1985)).
¶ 8. The two deputies who arrested Stokes told Defer that Stokes said he had drunk two beers. Therefore, Defer had Stokes put in a cell, and did not question him until the next morning. Defer testified that at the time Stokes gave his statement, he appeared to understand where he was and what was going on. Stokes never mentioned being drunk, did not act drunk, did not look drunk, and had been in jail for approximately twelve hours before he gave his statement. The trial court found as a fact that Stokes, if intoxicated at all, was not intoxicated to such a degree as to render his statement involuntary.
¶ 9. The State contends that "[o]nce the trial judge has determined, at a preliminary hearing, that a confession is admissible, *385 the defendant/appellant has a heavy burden in attempting to reverse that decision on appeal." Frost v. State, 483 So.2d 1345, 1350 (Miss.1986). This Court must give great deference to the trial judge's finding of fact where, as here, it is supported by substantial credible evidence, Sills v. State, 634 So.2d 124, 126 (Miss. 1994), and is not clearly erroneous. Neal v. State, 451 So.2d 743, 753 (Miss.1984). Despite his conflicting testimony, Stokes did not meet his burden in attempting to reverse this decision, in light of Defer's testimony supporting the decision of the trial court.

II. HEARSAY EVIDENCE.
¶ 10. Stokes complains that Sheriff Defer was allowed to relay hearsay statements made by Jane, over Stoke's objection. He complains that Jane's grandmother, Betty Jones, was also allowed to relay Jane's hearsay statements, as was Robbie Parrish, the nurse who examined Jane after the rape. Stokes argues that in Quimby v. State, 604 So.2d 741 (Miss. 1992), the court reversed concerning testimony given by a police detective as to statements made by the child victim. He further argues that hearsay is not admissible, "except as provided by law." See M.R.E. 802.
¶ 11. The State submits that some of the testimony, while hearsay, was admissible under M.R.E. 803(2), 803(4), and 803(25). The State contends that Quimby is inapplicable to the facts of this case, for in Quimby, the police officer relayed the victim's statement describing what the defendant had done. Quimby, 604 So.2d at 746. Sheriff Defer testified that he asked Jane to show him where the rape occurred. When Stokes objected to Defer's testimony of actual words spoken by Jane, the circuit judge sustained the objection, but allowed testimony as to what the sheriff did based on directives. The State argues that Defer's testimony was non-hearsay because it was not offered for the truth of the matter asserted, but was offered to demonstrate why he acted as he did. See Butler v. State, 758 So.2d 1063, 1066 (Miss. Ct.App.2000). (Testimony of police officer regarding victim's out-of-court statement was admissible to explain steps officer took to investigate the incident, where the truth of victim's statement was not in issue.) In Knight v. State, 601 So.2d 403, 406 (Miss. 1992), the court explained that a statement is not considered hearsay if it is offered merely to show its effect on someone else. The State contends that Jane's statements were not offered by Defer for the truth thereof, but as independently relevant facts to show why Defer drove out to the countryside with Jane, and her father and grandmother, in his patrol car.
¶ 12. The State also argues that this testimony was harmless because the directions to the crime scene could not have contributed to Stokes's conviction of statutory rape. "By virtue of Rule 103(a), MRE, `[b]efore error can be predicated at all upon an adverse evidentiary ruling it must appear that a substantial right of the party is affected.'" Jackson v. State, 594 So.2d 20, 25 (Miss.1992) (quoting Sayles v. State, 552 So.2d 1383, 1387 (Miss.1989)). Additionally, Jane also testified that she got in the patrol car with Defer and showed him "where the places was."
¶ 13. Jane's grandmother, Jones, testified over objection that Jane was crying when she came through the door, with Stokes close behind her. When Stokes finally left the house, thirty minutes later, Jones again asked Jane why she was crying, and Jones stated over renewed objections that Jane said Stokes took her in the bushes and raped her. The State contends that this testimony was admissible *386 under M.R.E. 803(2), excited utterance exception:
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
. . .
(2) Excited Utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
This was Jane's initial outcry and first available opportunity after Stokes's departure to report what he had done to her. Jane also testified that she was crying and did not answer her grandmother until Stokes left, "[b]ecause I was scared."
¶ 14. The State acknowledges that Jane's statement was made in response to Jones's question, but contends that this did not matter. In Sanders v. State, 586 So.2d 792, 795 (Miss.1991), the court stated:
However, under the excited utterance exception the fact that questions are asked, while relevant to spontaneity, does not ipso facto demonstrate a lack of spontaneity in every case.
Jane was "just hollering," according to Jones, and was obviously under the stress of the excitement caused by the event. The trial court opined that the statement:
seems to fall more under 803(2), the excited utterance, and again one case it uses both Rule 803(2), the excited utterance, and Rule 803(1), present sense impression. In considering those rules of evidence, Rule 403, then I think the evidence is relevant, and its probative value is not substantially outweighed by the danger of unfair prejudice, so I think under 403 it would come in.
"[T]he competency of excited utterances is a matter largely discretionary with our trial courts." Davis v. State, 611 So.2d 906, 914 (Miss.1992). See also Cunningham v. State, 467 So.2d 902, 905 (Miss. 1985). (When a prosecutrix states the name of her attacker, and the statement appears to be spontaneous and without indication of manufacture, it should be received in evidence as an exception to the hearsay rule.)
¶ 15. Finally, Stokes complains that Robbie Parrish, a registered nurse and "sexual assault nurse examiner," testified that Jane told her a man she knew had taken her near a bridge and raped her. Parrish did not, however, testify as to Jane's identification of Stokes. The court had ruled during a proffer by the State that Jane's statement, minus the identity of the rapist, was admissible by virtue of M.R.E. 803(4), in harmony with M.R.E. 403. Under M.R.E. 803(4):
Statements made for the purposes of medical diagnosis or treatment and describing... pain ... or the cause or external source thereof insofar as reasonably pertinent to diagnosis ore treatment, regardless of to whom the statements are made, or when the statements are made, if the court, in its discretion, affirmatively finds that the proffered statements were made under circumstances substantially indicating their trustworthiness.
The State contends that the statements made to Parrish were vital and necessary to Parrish's diagnosis and treatment of Jane. Parrish also testified that Jane's hymen was bruised and bleeding, and there were "[t]ears and small tears, lacerations and blood and bruising" on her genitalia. Therefore, Parrish's testimony is admissible under M.R.E. 803(4).
¶ 16. Additionally, during the trial, but out of the presence of the jury, the trial court specifically found that Rule 803(25), the tender years exception, applied to the hearsay testimony allowed to *387 be given by Jane's grandmother, and by Parrish. The rule states as follows:
(25) Tender Years Exception. A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.
M.R.E. 803(25). In speaking to requirement (a) of the rule, the court found that Jane's "statement provides substantial indicia of reliability based on the circumstances in which the statement was made." The trial judge stated that he considered any motive on Jane's part to make the statements or to lie, her general character, whether more than one person heard the statements, whether the statements were spontaneous, the timing of the declaration, the relationship between Jane and the witness, the possibility of Jane having a faulty recollection, the credibility of the witness, the age and maturity of the declarant, whether suggested techniques were used, and whether or not it appears from Jane's age, knowledge, and experience that she may have fabricated her statements. The court also remarked that Jane had testified in this case. Her testimony fulfilled requirement (b) of Rule 803(25).
¶ 17. This Court agrees that the statements complained of were admissible under the rules, as indicated. Stokes has made no showing to the contrary; therefore, the lower court is affirmed as to this issue.

CONCLUSION
¶ 18. The trial court found that Stokes's statement was voluntarily given, beyond a reasonable doubt, and admissible. Stokes has not demonstrated any error in the court's denial of his motion to suppress. The hearsay statements of which Stokes complains are admissible under the Mississippi Rules of Evidence exceptions. Therefore, the judgment and sentence of this case is affirmed.
¶ 19. THE JUDGMENT OF THE YALOBUSHA COUNTY CIRCUIT COURT OF CONVICTION OF STATUTORY RAPE AND SENTENCE OF FORTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO YALOBUSHA COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.