843 So.2d 87 (2003)
Kenyatta Donta CHEEKS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01537-COA.
Court of Appeals of Mississippi.
March 4, 2003.
Rehearing Denied April 22, 2003.
*88 Azki Shah, Clarksdale, attorney for appellant.
*89 Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before THOMAS, P.J., IRVING and MYERS, JJ.
IRVING, J., for the court.
¶ 1. Kenyatta Donta Cheeks appeals from a judgment entered in the Circuit Court of Madison County pursuant to a jury's verdict which found Cheeks guilty of burglary of an automobile. In this appeal, Cheeks raises the following issues:
I. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ALLOWING, OVER DEFENSE'S OBJECTIONS, EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS OF THE DEFENDANT IN VIOLATION OF RULES 403 AND 404(b) OF THE MISSISSIPPI RULES OF EVIDENCE. AND FURTHER, ERRED IN FAILING TO CHARGE THE TRIAL JURY SUA SPONTE WITH A LIMITING INSTRUCTION CONCERNING THE ADMISSION OF SUCH EVIDENCE.
II. WHETHER THE EVIDENCE WAS SUFFICIENT TO SUPPORT THE VERDICT.
III. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN REFUSING TO GIVE A CIRCUMSTANTIAL EVIDENCE INSTRUCTION TO THE JURY.
IV. WHETHER THE ASSISTANCE RECEIVED BY APPELLANT WAS INEFFECTIVE.
¶ 2. Finding no reversible error, we affirm.

FACTS
¶ 3. At approximately 2:30 a.m. on July 11, 2000, Officer Michael McGahey of the Ridgeland Police Department was parked in a clearing off of Old Canton Road observing the traffic as it passed by. He noticed a Buick LeSabre pass by several times within a short period. He took more notice of the LeSabre when it turned into Sunchase Apartments. About five to ten minutes later, the LeSabre came out and Officer McGahey then watched the LeSabre turn into Canton Square Apartments. The LeSabre then drove through the parking lot and stopped for a few seconds at every parking place within the parking lot. Officer McGahey found these actions suspicious and decided to question the occupants of the LeSabre.
¶ 4. When Officer McGahey approached the vehicle, he found that it was occupied by two individuals, a female driver and a male passenger. After observing the male passenger lying down in the back seat, Officer McGahey ordered both occupants out of the vehicle and attempted to obtain their identity. The female identified herself and presented photo identification. The male passenger identified himself and produced a driver's license reflecting the same name he had given to the officer. As Officer McGahey questioned both of them, he found that their stories did not match regarding their reason for being at the Canton Square Apartments. Officer McGahey asked the male passenger to identify the owner of the vehicle. The male passenger first said he did not know, but he stated later that the vehicle belonged to his cousin, Kenyatta Cheeks. He eventually admitted that he was in fact Kenyatta Donta Cheeks. Officer McGahey arrested Cheeks for giving false information.[1] Afterwards, the LeSabre was impounded and its contents were inventoried. *90 Among the things found in the LeSabre was a JVC CD player that was in the dashboard but not wired to the car.
¶ 5. At 6:46 a.m., Officer Rick Miller, also of the Ridgeland Police Department, received a telephone call concerning an automobile burglary at Sunchase Apartments. Officer Miller took the burglary report and spoke to the victim. The victim described in detail the JVC CD player that was stolen and showed Officer Miller an owner's manual for the CD player. Officer Miller was aware of the facts regarding the arrest of Cheeks by Officer McGahey and asked the victim to come down to the police department to visually identify the CD player. Once the victim positively identified the CD player that was taken out of Cheeks's LeSabre as her stolen property, it was released to her. In addition to the victim's visual identification of the CD player, the model number of the stolen CD player matched the model number in the owner's manual that the victim had previously produced. Also scratch marks on the CD player taken from Cheeks's vehicle matched the scratch marks found on the dashboard of the burglarized vehicle. Subsequently, Cheeks was charged with automobile burglary. Other pertinent facts will be related during the discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES

1. Evidence of Other Crimes, Wrongs, or Acts
¶ 6. The relevancy and admissibility of evidence are within the discretion of the trial judge, and the decision of the trial judge will not be reversed unless that discretion has been abused. Smith v. State, 656 So.2d 95, 98 (Miss.1995). However, this discretion of the trial court must be exercised within the boundaries of the Mississippi Rules of Evidence. Id. Under the rules, an "error may not be predicated upon a ruling that admits or excludes evidence unless a substantial right of the party is affected." M.R.E. 103(a). Unless the trial judge's discretion is so abused as to be prejudicial to the accused, we will not reverse the ruling of the trial court. McGowan v. State, 706 So.2d 231, 243 (¶ 43) (Miss.1997).
¶ 7. Initially, we point out that the defense has failed to preserve the objection on appeal. Prior to the State calling its first witness, defense counsel and the State conferred with the trial judge concerning what the defense counsel deemed inadmissible evidence. Specifically, defense counsel asked the trial judge to disallow the introduction of evidence that Cheeks was in possession of a stolen vehicle, the LeSabre, with an altered vehicle identification number (VIN).
¶ 8. During its case-in-chief, the State did not mention that the vehicle in which Cheeks was arrested was in fact stolen. However, on direct examination of Cheeks, defense counsel questioned Cheeks on his knowledge that the LeSabre was a stolen vehicle at the time of his taking possession and the fact the VIN was altered. Accordingly, during the cross-examination of Cheeks, the State further questioned Cheek as to his knowledge of the altered VIN and asked if he played an active role in the alteration. Defense counsel did not object to the cross-examination of Cheeks on these facts.
¶ 9. The defense failed to properly preserve the issue of other crimes, wrongs, or acts for appeal. There was no evidence within the record where the defense counsel made any objection to the State's cross-examination of Cheeks regarding the altered VIN. The defense only had a conference with the State and trial judge about the stolen LeSabre and the altered VIN. *91 No motion or specific objection to the admittance of evidence of prior bad acts or wrongs was stated on the record by the defense. By failing to object on the grounds of prior bad acts, this issue is waived on appeal. Walker v. State, 671 So.2d 581, 605-6 (Miss.1995). Moreover, defense counsel opened the door for such questioning by the questions asked on direct examination. This issue lacks merit.

2. Sufficiency of the Evidence
¶ 10. Cheeks alleges that the State presented insufficient evidence to support a conviction for burglary of an automobile. Cheeks maintains that the State's case was wholly circumstantial. Furthermore, Cheeks argues that the State did not produce a single eyewitness nor did he ever confess to the crime.
¶ 11. Not surprisingly, the State contends that there was ample evidence to prove Cheeks was the culprit. One of the most compelling pieces of evidence, according to the State, is the finding of the stolen CD player in Cheeks's possession. The State explains that not only was Cheeks caught in the neighborhood where the automobile burglary occurred, but he had a dubious reason for being there. In addition, the State asserts that Cheeks lied about his name and owning the vehicle. Also, Cheeks was identified in the courtroom by Officer McGahey. Further, the State advances that Cheeks's own testimony corroborated some of the facts testified to by the Ridgeland officers.
¶ 12. In challenges to the sufficiency of evidence, the standard of review requires that the evidence must be considered in the light most favorable to the State, and we accept all evidence as true. McRee v. State, 732 So.2d 246, 249(¶ 9) (Miss.1999). An appellate court may only reverse with respect to one or more of the elements of the offense charged, if the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Collier v. State, 711 So.2d 458, 461(¶ 1) (Miss.1998). If the evidence is found to be legally insufficient, then discharge of the defendant is proper. McRee, 732 So.2d at 249 (¶ 9).
¶ 13. In Murphy v. State, 566 So.2d 1201 (Miss.1990), the supreme court held that "[m]ere possession of stolen articles, by itself, is not enough to convict a person for the crime of burglary." Id. at 1206.
¶ 14. In our case, we have more than mere possession. We have already set forth in this opinion the relevant evidence presented by the prosecution, and we will not repeat it here. Cheeks offered the testimony of his mother that she had previously seen a CD player in his vehicle. He also offered the testimony of Mark Russell who testified that he installed a CD player in Cheeks's LeSabre. Suffice it to say that notwithstanding the evidence offered by Cheeks, the evidence offered by the State, if believed by the jury, was sufficient to sustain the verdict. Apparently, the jury accepted this evidence and rejected the evidence offered by Cheeks. This was well within the jury's prerogative.
¶ 15. Our supreme court has held that "matters regarding weight and credibility to be accorded evidence are to be resolved by the jury." McRee, 732 So.2d at 249 (¶ 9). Obviously, the jury did not give much weight to the testimony of Cheeks's witnesses.
¶ 16. The supreme court in Shields v. State, 702 So.2d 380 (Miss.1997), put forth four factors to consider when analyzing the sufficiency of the evidence to support an inference of burglary. The factors to consider include:
1. The temporal proximity of the possession to the crime to be inferred;

*92 2. The number or percentage of the fruits of the crime possessed;
3. The nature of the possession in terms of whether there is an attempt at concealment or any other evidence of guilty knowledge;
4. Whether an explanation is given and whether that explanation is plausible or demonstrably false.
Id. at 383. The first factor, the temporal proximity of possession, lends great strength to the inference that Cheeks committed the burglary. He was shown to have possession of the CD player a few hours before the burglary was reported. The second factor also lends strength to the inference. The only item reported stolen to Officer Miller was the CD player, and Cheeks was stopped with the CD player in his vehicle. The third factor detracts from the inference. Cheeks had the CD player sitting in the dashboard of his vehicle. There was no attempt by Cheeks to conceal the CD player. Finally, the fourth factor supports the inference because, notwithstanding the fact that Cheeks offered an explanation for the CD player being in his LeSabre, the State's evidence proved that the offered explanation was demonstrably false. Furthermore, as in Shields, Cheeks offered no proof that he bought the CD player or acquired it in another way, and, as in Shields, this lack of proof is fatal. Shields, 702 So.2d at 383. This issue lacks merit.

3. Circumstantial Evidence Instruction
¶ 17. This argument raises a question regarding the trial judge's refusal to give a circumstantial evidence instruction. Again, Cheeks argues that the State did not produce a single witness to testify that he was the one who broke into the automobile. Furthermore, Cheeks contends that there was no direct evidence by way of confession.
¶ 18. Circumstantial evidence instructions are only proper when the State's case is based wholly on circumstantial evidence, and that is not the case sub judice. Cheeks cites to Jones v. State, 797 So.2d 922 (Miss.2001), wherein the court observed the clarity of our law on the requirements for granting a circumstantial instruction. "[T]he law is clear in this state that where all the evidence tending to prove the guilt of a defendant is purely circumstantial, the trial court must grant a jury instruction that every reasonable hypothesis other than that of guilt must be excluded in order to convict." Id. at 927 (¶ 21) citing Henderson v. State, 453 So.2d 708, 710 (Miss.1984).
¶ 19. While Cheeks cites the proper law, he fails to recognize that not all the evidence presented by the State was circumstantial. Officer McGahey was an eyewitness to much of Cheeks's suspicious activity and confronted Cheeks essentially while this activity was transpiring.
¶ 20. In Boches v. State, 506 So.2d 254 (Miss.1987), the supreme court held that the testimony of officer concerning bales of marijuana found in automobile was direct evidence of the offense. Id. at 260. Therefore, the Boches court found that it was not necessary that a circumstantial evidence instruction be granted as to this element. Id. The supreme court in Hart v. State, 639 So.2d 1313, 1316 (Miss.1994), also upheld the trial court's refusal to give a circumstantial evidence instruction where an officer's testimony was used by the State as direct evidence.
¶ 21. This Court holds that the testimony of Officer McGahey, the arresting officer, is direct evidence. As previously recounted, Officer McGahey testified that he found the CD player in Cheek's vehicle. He also testified to a plethora of suspicious *93 movements by Cheeks. There is no merit to this issue.

4. Effective Assistance of Counsel
¶ 22. The last issue argued by Cheeks concerns the performance of his trial counsel. He urges that his counsel was ineffective. The applicable standard of review in determining whether counsel was ineffective was enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Mississippi Supreme Court adopted the Strickland standard in Stringer v. State, 454 So.2d 468 (Miss.1984). To succeed on a claim of ineffective assistance of counsel, a defendant must prove under the totality of the circumstances, that (1) his attorney's performance was defective and (2) the deficiency deprived the defendant of a fair trial. Id. at 476-77. Alleged deficiencies in assistance of counsel must be presented with "specificity and detail" in non-conclusory fashion. Perkins v. State, 487 So.2d 791, 793 (Miss.1986). Judicial review is highly deferential to the attorney, and there is a strong presumption that the attorney's conduct fell within the wide range of reasonable professional assistance. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). With respect to the overall performance of the attorney, "counsel's failure to file certain motions, call certain witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy" and do not give rise to an ineffective assistance of counsel claim. Cole v. State, 666 So.2d 767, 777 (Miss. 1995). ¶ 23.
¶ 23. In support his claim that his counsel was ineffective, Cheeks makes two arguments. The first argument is that his trial counsel opened the door as to the altered VIN and stolen vehicle. Cheeks contends that the VIN inquiry by his trial counsel was irrelevant to the crime charged. Moreover, Cheeks contends the State had not offered any evidence that the vehicle was stolen or possessed an altered VIN, but that his trial counsel pursued this matter to Cheeks's detriment. Cheeks insists that his trial counsel prejudiced him by opening the door to such evidence because his ability to receive a fair trial was made impossible. Consequently, the jury had before it evidence of other crimes, and/or bad acts allegedly committed by Cheeks in addition to the charge of automobile burglary.
¶ 24. Conversely, the State propounds that the presentation by Cheeks's trial counsel of the aforementioned testimony was clearly within the gambit of trial strategy. We agree. As previously stated in Cole, trial counsel is allowed much deference with respect to trial strategy. Id. at 777. But even if we were to hold that Cheeks's counsel's performance on this matter was defective, we would still be constrained to hold that Cheeks fails to sustain his burden of showing that he was deprived of a fair trial. There was very strong evidence which supports his guilt.
¶ 25. The second argument that Cheeks makes in support of his ineffective assistance of counsel claim is that his trial counsel failed to pursue a hearing on new and material evidence after filing the motion for a new trial. According to Cheeks's appellate counsel, if trial counsel had pursued the motion, the trial court "would have been presented evidence showing that indeed [Cheeks] had purchased the CD player." It is perplexing to this Court, to say the least, as to how this evidence can be characterized as "new and material evidence." Surely, during the time of trial Cheeks had knowledge of whether he purchased the CD player and could have brought forth that evidence at trial. This issue is utterly without merit, as well as the other issues presented by *94 Cheeks; consequently, we affirm the trial court on all issues.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OF CONVICTION OF AUTOMOBILE BURGLARY AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] There is no evidence in the record of this charge being pursued by the State.