878 So.2d 167 (2004)
Leon McCOY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01461-COA.
Court of Appeals of Mississippi.
January 27, 2004.
Rehearing Denied April 13, 2004.
Certiorari Denied July 22, 2004.
*169 James A. Williams, Meridian, attorney for appellant.
*170 Office of the Attorney General by Scott Stuart, attorney for appellee.
Before KING, P.J., LEE and CHANDLER, JJ.
LEE, J., for the Court.

PROCEDURAL HISTORY
¶ 1. On June 17, 2002, a jury in the Circuit Court of Lauderdale County found Leon McCoy not guilty of kidnaping but guilty of sexual battery of S.C., a female minor. McCoy had originally been indicted for kidnaping and statutory rape, but the rape charge was later changed to sexual battery. McCoy, as an habitual offender, was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections with no possibility of parole. McCoy now appeals to this Court asserting the following issues: (1) his right to remain silent was improperly inquired into on cross-examination; (2) the trial judge communicated to the jury that he believed the victim was telling the truth and thereby denied him a fair trial; (3) the trial court erred in overruling his objection during the State's closing argument; (4) the trial court erred in admitting the victim's statement to her aunt describing what had happened to her; (5) the overwhelming weight and sufficiency of the evidence did not support the guilty verdict; (6) the trial judge erred in granting jury instruction C-10; and (7) he was denied effective assistance of counsel.

FACTS
¶ 2. On December 10, 1999, S.C. and a friend were walking to school when McCoy drove by and asked S.C.'s friend if he wanted a ride to school. S.C.'s friend got into the car while S.C. kept walking. McCoy told S.C. that if she got in the car he would not hurt her. S.C. got into the car and McCoy then drove them to Marion Park. Both S.C. and her friend exited the car. As S.C. was walking towards Meridian High School, McCoy came back, grabbed her, tied her up, and put her in his car. After driving down a dirt road, McCoy stopped the car and began to take off S.C.'s clothes. McCoy then inserted his finger into S.C.'s anus and starting licking her genitals. At some point McCoy inserted his penis into S.C.'s vagina. S.C. testified that McCoy was holding a weapon to her head, which she at first thought was a gun, but was later determined to be a knife.
¶ 3. After McCoy was finished with S.C., he untied her, put her in the front seat, and drove her to an apartment complex where he proceeded to kick her out of the car. S.C. immediately ran to her aunt's apartment and reported what had happened. S.C. testified that she had not put up much of a fight because she was afraid, but there were scratches on her leg and a bald spot on her head where McCoy had pulled her hair out. McCoy was taken into custody soon after the incident.

DISCUSSION OF ISSUES

I. WAS McCOY'S RIGHT TO REMAIN SILENT IMPROPERLY INQUIRED INTO UPON CROSS-EXAMINATION?
¶ 4. In his first issue, McCoy contends that the State on cross-examination improperly asked him if he invoked his constitutional right not to incriminate himself after being arrested. McCoy cites Doyle v. Ohio, 426 U.S. 610, 617, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) for the proposition that once a suspect has been given a warning pursuant to Miranda v. Arizona, 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), then using the exercise of the right to remain silent to impeach the defendant at trial undermines the right not *171 to incriminate oneself. According to our supreme court, a prosecutor's repeated reference to a defendant's post-arrest silence, after he received warnings that he need not answer questions, violated due process. Caston v. State, 823 So.2d 473(¶ 97) (Miss.2002); see also Johnson v. State, 596 So.2d 865, 868-69 (Miss.1992).
¶ 5. However, there can be no infringement upon the right to remain silent when the defendant does not exercise his right to remain silent when questioned at the time of the arrest. Sheely v. State, 836 So.2d 798(¶ 10) (Miss.Ct.App.2002). Furthermore, it is not error to allow the State on cross-examination to ask about an issue already inquired into by the defendant's counsel on direct examination. Cheeks v. State, 843 So.2d 87(¶ 9) (Miss.Ct.App.2003). On direct examination, McCoy testified about his experience in the police station. McCoy stated that he spoke to Detective Thompson, who brought him a waiver of rights form at 4:00 p.m. At that time, McCoy signed a statement that he understood his rights, but not the statement that he waived his rights. After stating that he did not say anything to Detective Thompson, McCoy did admit on cross that he told Detective Thompson that he did not do it, but only after he signed the statement. Upon further questioning, McCoy contended that telling the detective that he was innocent did not amount to giving a statement. Detective Lewis also testified that, later that evening, McCoy admitted that he had inserted his finger in S.C.'s anus and licked her genitals, but had not inserted his penis into her vagina. We find it interesting that McCoy claims his right to silence was infringed when he admitted to not remaining silent. We fail to see how McCoy's due process rights were violated once he failed to remain silent; thus, this issue is without merit.

II. DID THE TRIAL COURT DENY McCoy A FAIR TRIAL BY COMMUNICATING TO THE JURY THAT HE BELIEVED THE VICTIM WAS TELLING THE TRUTH?
¶ 6. In his second issue, McCoy contends that the judge believed S.C.'s testimony and communicated this fact to the jury in his rulings. McCoy also believes that the judge should have allowed a peremptory instruction in order to show the jury that he was impartial. In addition, McCoy claims that the judge further prejudiced his case when he referred to S.C. as the "victim" in the jury instructions.
¶ 7. McCoy's contention that the judge believed S.C.'s testimony centers on different places in the record where the judge spoke the word "truth." Actually, McCoy is mistaken in suggesting that the judge was partial to S.C.'s version of the events. The judge made statements about the "truth of the matter" in ruling on various objections. These were not remarks about the credibility of the witnesses, rather they were findings in response to hearsay objections. In fact, the judge allowed McCoy to present testimony concerning the possibility that S.C. had lied by overruling the State's hearsay objections. We fail to see how the jury could misinterpret the judge's ruling on evidentiary matters as an indication that he believed S.C.'s version of the facts.
¶ 8. McCoy also mentions that a peremptory instruction should have been granted on the kidnaping charge in order to show the jury that the judge was impartial. Mississippi law is clear on the subject of peremptory instructions in criminal cases: "peremptory instructions should be refused if there is enough evidence to support a verdict." Warn v. State, 349 So.2d 1055, 1055 (Miss.1977). See also Hicks v. State, 580 So.2d 1302, 1304 (Miss.1991); *172 Benson v. State, 551 So.2d 188, 193 (Miss.1989). As McCoy was acquitted on the kidnaping charge, we fail to see how the denial of a peremptory instruction is relevant on this appeal. However, since the instruction was refused, the judge obviously found that there was enough evidence for the jury to find McCoy guilty of kidnaping.

III. DID THE TRIAL COURT ERR IN OVERRULING McCoy'S OBJECTION DURING THE STATE'S CLOSING ARGUMENT?
¶ 9. In his third issue, McCoy claims that the trial court erred in overruling his objection to statements made during the State's closing argument. Specifically, McCoy argues that the State should not have been allowed to state that it was the grand jury that decided what to charge him with, not the victim. In determining whether a prosecutor's argument necessitates reversal, the test entails whether the "natural and probable effect of the prosecuting attorney's improper argument created unjust prejudice against the accused resulting in a decision influenced by prejudice." Dunaway v. State, 551 So.2d 162, 163 (Miss.1989). The trial judge is entrusted with the discretion in determining whether the improper statement should result in a mistrial. Alexander v. State, 602 So.2d 1180, 1182 (Miss.1992). However, in Holland v. State, 705 So.2d 307, 344-45 (Miss.1997), the court determined that the prosecutor was entitled to answer a question raised by the defense and that the prosecutor's statement was "in direct response" to the defense argument.
¶ 10. In his closing argument, McCoy stated:
Obviously she has accused Leon of rape. That's her interest. We don't have rape, he's not even charged with rape. We won't go with rape.
In response to this statement, the State responded as follows in its closing argument:
When the defendant confesses to a sexual battery, that is pretty powerful evidence. And regardless of whether he knew he was doing it or not, a rape charge or whether or not he penetrated her with his penis or not is not really an issue here other than I guess Mr. Jordan wants to make it up for argument purposes. But, you know, the Grand Jury charged this, the Grand Jury decided to charge him, not [S.C.]. So whether it was rape or whether it was sexual battery, it's kind of up to the Grand Jury to decide. And they decided that the defendant's confession to sexual battery, that would be the charge.
¶ 11. McCoy was trying to infer that because he was not charged with rape, then S.C.'s version of the facts is untruthful. It then became necessary for the State to clarify that the victim does not decide what charge to bring against the accused, rather the grand jury does. The State did not imply that the grand jury believed McCoy to be guilty, only that, pursuant to McCoy's confession to sexual battery, the grand jury thought it more appropriate to charge him with sexual battery. Upon objection by McCoy to the State's argument, the trial judge stated, "It's simple argument, objection is overruled." The trial judge apparently did not find any unjust prejudice to McCoy as a result of this statement, and neither do we. This issue is without merit.

IV. DID THE TRIAL JUDGE ERR IN ADMITTING THE VICTIM'S STATEMENT TO HER AUNT DESCRIBING WHAT HAD HAPPENED TO HER?
¶ 12. In his fourth issue, McCoy claims that the trial judge erroneously ruled that S.C.'s statements to her *173 aunt were excited utterances and, therefore, an exception to the hearsay rule. Trial courts, at their discretion, determine the competency of excited utterances. Stokes v. State, 797 So.2d 381(¶ 14) (Miss.Ct.App.2001). Furthermore, if a victim states the name of her attacker and the statement appears to be spontaneous and without indication of manufacture, then it should be received into evidence as an exception to the hearsay rule. Cunningham v. State, 467 So.2d 902, 905 (Miss.1985). Mississippi Rule of Evidence 801(c) defines hearsay as a statement "offered into evidence to prove the truth of the matter asserted." Mississippi Rule of Evidence 803(2) provides for an exception to the exclusion of hearsay evidence, namely that "a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is not excluded by the hearsay rule. It is important that there has been no intervening matter to eliminate the state of excitement and call into question the reliability of the utterance. Berry v. State, 611 So.2d 924, 926 (Miss.1992).
¶ 13. Immediately after being kicked out of McCoy's car, S.C. ran to her aunt's apartment and told her what had happened. S.C. testified that she had been abducted, tied up, and raped. Her aunt testified that S.C. came to the door around 9:30 that morning and that her clothes were ripped off, her hair was messed up, she had bruises on her, and "she was just shocked real bad." S.C.'s statements to her aunt were clearly within the excited utterance exception to the hearsay rule. The trial judge did not err in ruling that S.C.'s statements to her aunt could be heard by the jury; thus, we find this issue to be without merit.

V. DID THE OVERWHELMING WEIGHT AND SUFFICIENCY OF THE EVIDENCE SUPPORT THE GUILTY VERDICT?
¶ 14. In his fifth issue, McCoy claims that the verdict was against the overwhelming weight and sufficiency of the evidence. As McCoy addresses both the weight of the evidence and the sufficiency of the evidence, we will discuss each separately.

a. Overwhelming weight of the evidence
¶ 15. We look to our standard of review in determining whether the jury verdict was against the overwhelming weight of the evidence:
[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Baker v. State, 802 So.2d 77(¶ 14) (Miss.2001). It is within the discretion of the jury to accept or reject testimony by a witness, and the jury "may give consideration to all inferences flowing from the testimony." Mangum v. State, 762 So.2d 337(¶ 12) (Miss.2000) (quoting Grooms v. State, 357 So.2d 292, 295 (Miss.1978)).
¶ 16. S.C. testified that she had been sexually molested by McCoy. McCoy denied the rape allegation, but did admit to sexually battering S.C. The jury's verdict reflected S.C.'s version of events; thus, we cannot find that an unconscionable injustice results. This issue has no merit.

*174 b. Sufficiency of the evidence

¶ 17. For the sufficiency of the evidence we look to our standard of review:
[T]he sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [the defendant's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We reverse when, with respect to an element of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty.
Muscolino v. State, 803 So.2d 1240(¶ 10) (Miss.Ct.App.2002) (citations omitted). Furthermore, the Mississippi Supreme Court has held that "the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where the testimony is not discredited or contradicted by other credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime." Collier v. State, 711 So.2d 458(¶ 15) (Miss.1998).
¶ 18. S.C. testified in detail as to what occurred once McCoy had abducted her, tied her up, and took her for a drive. At one point McCoy even admitted to Detective Lewis that he had inserted his finger in S.C.'s anus and licked her genitals. Throughout his brief, McCoy claims that S.C. was not a credible witness and that she lied about what occurred between them that day. However, S.C.'s testimony and conduct was consistent with someone who has been the victim of a sex crime. In light of S.C.'s testimony, we find that a reasonable and fair-minded jury could have easily found McCoy guilty of sexual battery; thus, the evidence was sufficient to support the verdict.

VI. DID THE TRIAL JUDGE ERR IN GRANTING JURY INSTRUCTION C-10?
¶ 19. McCoy contends that the trial judge erred in giving jury instruction C-10. McCoy argues that the instruction was flawed because using the connector "and/or" between the sexual acts did not require the jury to find that he both placed his finger in S.C.'s anus and licked her genitals. McCoy also claims that when the State places an allegation in the indictment, it is required to prove each allegation. The jury instruction in question is as follows:
2. The Defendant, Leon McCoy ... did wilfully and unlawfully engage in sexual penetration with [S.C.] ... by placing his finger in her anus and/or by performing oral sex upon her....
¶ 20. At the time of the jury charge discussion, McCoy objected to C-10 on the ground that the instruction should substitute the word "inserting" for the word "placing." However, McCoy did not object to changing the "or" to "and/or." The exchange was as follows:
BY THE COURT: ... The word "or," o-r, was changed to read "and/or," otherwise the instruction was submitted by the State as written. Pat, I don't remember, if you did have an objection, would you state it in the record?
BY MR. JORDAN: Yes, sir, we had requested in lieu of placing his finger in her anus, insert, I think that is the proper term, Your Honor.
¶ 21. We note that McCoy also failed to raise this issue in his posttrial motion. The failure to make a contemporaneous objection waives the issue for purposes of appeal. Smith v. State, 729 So.2d 1191(¶ 87) (Miss.1998). "A trial judge will *175 not be found in error on a matter not presented to him for decision." Jones v. State, 606 So.2d 1051, 1058 (Miss.1992). We find this issue to be without merit.

VII. WAS McCoy DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 22. In his last issue, McCoy claims that the totality of circumstances of his counsel's performance was such that he was denied effective assistance of counsel and, as a result, the trial judge should have declared a mistrial. Specifically, McCoy cites his counsel's failure concerning jury instructions, judge's comments, questioning the voluntariness of his statements, cross-examining S.C. about the details of the sexual acts, and in declining to make an opening statement. While looking to the totality of the circumstances, we must determine whether McCoy proved his counsel's performance was deficient and whether this deficiency resulted in prejudice to McCoy. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We must discover if any of the purported errors were "outside the range of professionally competent assistance." Id. at 690, 104 S.Ct. 2052.
¶ 23. Other than a few blanket statements about what McCoy felt his trial counsel should have done, he has neither proven that his counsel's performance was deficient nor that, if there was a deficiency, prejudice resulted. In looking at the record, McCoy's trial counsel extensively cross-examined S.C. and Detective Lewis and voiced objections when appropriate. We cannot find that McCoy was denied effective assistance of counsel; thus, this issue is without merit.
¶ 24. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER, IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.